67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patricia JUNOT, Plaintiff-Appellant,
v.
MARICOPA COUNTY, Defendant-Appellee.
 No. 92-15712.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Submission Vacated Dec. 27, 1994.
Resubmitted Sept. 26, 1994.
Decided Oct. 2, 1995.
 
 Appeal from the United States District Court For the District of Arizona, No. CV-88-00250-RCB; Robert C. Broomfield, District Judge, Presiding.
 Before: SCHROEDER, FERGUSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Patricia Junot appeals from the district court's judgment, following a jury trial, in favor of Maricopa County ("County"), and the court's denial of her post-trial motion for a new trial. Junot's action alleged that the County discriminated against her, in violation of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794, when it rejected her application for employment as a detention officer cadet in the Maricopa County Sheriff's Department because she had suffered from cancer. The Rehabilitation Act, in material part, establishes liability on the part of an employer receiving federal funds when it discriminates against an "otherwise qualified individual with a disability in the United States ... solely by reason of her or his handicap...." 29 U.S.C. Sec. 794(a).[1]
 
 
 3
 The evidence at trial established that Junot's recent mastectomy played at least a material role in the county's refusal to hire her. The issue on appeal concerns the admission of evidence relating to whether Junot was "otherwise qualified." Junot challenges the district court's admission of evidence of information the County learned after it rejected her. She argues the evidence is not relevant to whether she was "otherwise qualified" for the job.
 
 
 4
 Junot argues that, as a matter of law, the district court should not have admitted any evidence of after-acquired information regarding her qualifications. She bases her argument on this court's leading decision on after-acquired evidence in a Rehabilitation Act case, Mantolete v. Bolger, 767 F.2d 1416 (9th Cir.1985). In Mantolete, however, we held that after-acquired information was relevant to show that the applicant was not otherwise qualified. Id. at 1424. In the case at bar, the district court gave the following instruction to the jury on the use of after-acquired evidence:
 
 
 5
 The asserted basis for the decision by defendant not to hire plaintiff must be limited to the information relied on at the time the decision was made. However, defendant may rely on information unknown at the time but learned later to show that plaintiff was not "otherwise qualified" for the job. You have heard evidence of plaintiff's physical, emotional and psychological condition which defendant obtained or learned after its decision not to hire her. That evidence may be considered by you to determine whether plaintiff was qualified for the position she sought and whether she has established her claim for damages. You may not consider it as an after-the-fact effort by the defendant to show a non-discriminatory purpose for its decision.
 
 
 6
 The instruction may have been correct pursuant to Mantolete v. Bolger, 767 F.2d 1416 (9th Cir.1985). Recent Supreme Court authority, however, instructs otherwise.
 
 
 7
 In McKennon v. Nashville Banner Publishing Co., 115 S.Ct. 879 (1995), the Supreme Court considered whether an employee discharged in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") is barred from relief when the employer discovers post-discharge evidence of wrongdoing that would have led to termination on lawful and legitimate grounds. The Court determined that the deterrence and compensation objectives of the ADEA would not be vindicated "if after-acquired evidence of wrongdoing that would have resulted in termination operates, in every instance, to bar all relief for an earlier violation." Id., 115 S.Ct. at 884.
 
 
 8
 We conclude that such objectives obtain in the Rehabilitation Act context, and those objectives would be thwarted if after-acquired evidence could be introduced at the liability phase. The Court expressly ruled that the ADEA is part of a wider statutory scheme to protect employees in the workplace. That scheme, the court noted, included "Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. (1988 ed. and Supp. V) (race, color, sex, national origin, and religion); the Americans with Disabilities Act of 1990, 42 U.S.C. Sec. 12101 et seq. (1988 ed., Supp. V) (disability); the National Labor Relations Act, 29 U.S.C. Sec. 158(a) (union activities); the Equal Pay Act of 1963, 29 U.S.C. Sec. 206(d) (sex)." Id., 115 S.Ct. at 884. The Rehabilitation Act is also part of the scheme, and use of after-acquired evidence during the liability phase of the trial would flout the broad congressional objective of eradicating workplace discrimination.
 
 
 9
 In the event that Junot prevails on retrial in the liability phase, however, at least some of the after-acquired evidence may be introduced by the employer during the damages phase of the trial. See McKennon, 115 S.Ct. at 885-86. The County argues that had it known of alleged misstatements and omissions it would not have considered Junot qualified for employment. The County may, pursuant to McKennon, introduce evidence of any falsification in Junot's application for employment. The district court should consider whether the county may also introduce after acquired evidence of Junot's physical condition, including migraine headaches and arm weakness. Finally, we note that McKennon stated that a district court, in determining "[t]he proper boundaries of relief," may take into consideration "extraordinary equitable circumstances." Id. at 886. Thus, the district court should not feel otherwise constrained by this opinion in its consideration of equitable factors bearing on damages.
 
 
 10
 For these reasons, we reverse the grant of summary judgment and remand the case to the district court for a bifurcated retrial in light of the Supreme Court's unanimous opinion in McKennon.
 
 
 11
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A person is an "individual with a disability" under Sec. 706(8)(B) where the person:
 (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities;
 (ii) has a record of such an impairment; or,
 (iii) is regarded [by a potential employer] as having such an impairment.
 Rehabilitation Act of 1973, 29 U.S.C. Sec. 706(8)(B).